## ANNIE T. WHEELER v. JAMES A. TYLER.[1]

April 16, 1915.

Nos. 18,923—(30).[2]

**Injury to servant — assumption of risk — contributory negligence.**

1. Plaintiff's intestate was injured, while engaged in cutting a doorway through a brick wall between two rooms, by the collapse of a steel beam, the end of which was set into the wall above. His fellow workman supposed this beam ran continuously through both rooms. Had it done so there would have been no danger in working where deceased worked. The jury in passing on the question of assumption of risk found that deceased did not know the place was unsafe or did not appreciate the danger or understand the risk. He was charged with no duty of inspection. He was ordered by defendant to do this work and was doing it in the usual manner. There was no evidence of contributory negligence on his part, and the court properly refused to submit this issue to the jury.

**Damages not excessive.**

2. Deceased was 49 years old and was earning 25 cents an hour. This

---

[1] Reported in 152 N. W. 137.          [2] April, 1915, term calendar.

Note.—The question of the servant's assumption of risk from latent danger or defect is discussed in a note in 17 L.R.A.(N.S.) 76.

action is for the benefit of a widow and a posthumous child. An award of $5,000 damages was not excessive.

Action in the district court for Hennepin county by the administratrix of the estate of George E. Wilkins, deceased, to recover $7,-500 for the death of her intestate. The case was tried before Hale, J., who at the close of plaintiff's testimony denied defendant's motion to dismiss the action, and a jury which returned a verdict of $5,000. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, he appealed. Affirmed.

*Ware & Junell,* for appellant.

*Benton & Morley* and *Paul J. Thompson,* for respondent.

HALLAM, J.

Defendant was engaged in making alterations in the building occupied by the hardware house of Janney, Semple, Hill & Co. in Minneapolis. The work was in charge of a foreman named Andeen. In the course of the work it became necessary to cut a doorway through a two foot brick wall between two rooms. Andeen marked the lines of the proposed doorway and ordered plaintiff's intestate and another workman named White to make the cut in the wall. Before the work was started, a representative of Janney, Semple, Hill & Co. directed these men to make a change of about a foot in the location of the opening, and this they proceeded to do. For purposes of this appeal this change is not important. Immediately over the doorway, as it was ordered by Andeen, and also over the doorway as it was cut, the end of a steel beam had been set into the wall in the northerly room about eight feet from the floor. This beam was one of several that formed the support of a "half story" floor constructed after the building was built. Defendant made no provision for the support of this beam. The work of cutting the opening in the wall undermined it, and the beam and the floor above it fell upon the deceased and injured him so that death resulted soon after. Deceased was 49 years old and left a wife to whom has since been born a child. This action is prosecuted for the benefit of the widow and child. The jury returned a verdict for plaintiff in the sum of $5,000.

The negligence claimed is the failure to properly brace or support this beam while the work was under way. The sufficiency of the evidence to sustain a finding of negligence on the part of defendant is conceded.

Defendant asserted that deceased assumed the risks of working in this place under the dangerous conditions existing there. The court submitted this question to the jury. The jury by its verdict found against defendant on this issue, and it is conceded the evidence sustains the finding.

Defendant contends that decedent was guilty of contributory negligence. The court held that no contributory negligence was proven and refused to submit this issue to the jury. Defendant complains of this ruling, and this is the only question presented on this appeal.

Plaintiff contends that, if there was any evidence of contributory negligence, the finding of the jury against the defendant on the issue of assumption of risk was in effect a finding that contributory negligence did not exist. The finding that there was no assumption of risk was not in itself a finding upon all the facts necessary to determine the issue of contributory negligence. The issues of assumption of risk and of contributory negligence, while alike in some respects, are not identical. Assumption of risk involves acquiescence of the employee in acts or conditions arising from the negligence of the employer. Contributory negligence involves some act or omission on the part of the employee which is negligence on his part, either a positive act of negligence or a negligent omission to take care.

On the question of assumption of risk the court instructed the jury, in effect, that plaintiff could not recover if deceased knew that the place in which he was required to work was unsafe and understood and fully appreciated the dangers, or by the exercise of ordinary observation ought to have understood the risk to which he was thereby exposed. The verdict of the jury is a finding that he did not know the place was unsafe or did not appreciate the danger or understand the risk, and so far as these facts bear on the question of contributory negligence, they are determined as facts in the case. While, as above stated, this does not cover the whole field of contributory negligence, yet we think with these facts established there was no evi-

dence in this case sufficient to require submission of the issue of contributory negligence.

The presumption is that deceased was in the exercise of due care. The evidence shows that there were steel beams in the room on the other side of this solid wall and running in the same direction as the beam that fell. In fact the beams did not run through the wall and continuously through both rooms. It appears to be conceded that if these beams had run straight through both rooms, instead of ending at the partition wall, there would have been no danger in doing the work which deceased and White were doing. There is no evidence that deceased knew that they did not run through. The testimony of defendant is that, if a mechanic or anyone familiar with such things were looking at the wall and the beams, he would know that the beams went only into the wall, and not through, but to a person not a mechanic or not familiar with such construction there was nothing to call his attention to the fact that they did not go through. Deceased was not a mechanic and was not shown to have any familiarity with such construction. He was a laborer working for 25 cents an hour as a mason's tender, not competent to be a mason and not in a fair way to ever become a mason or to earn higher wages. White, his fellow workman, who was a more competent man and a mason getting 50 cents an hour, did not discover that the beams did not go through the wall. To him they appeared to go through. Deceased was doing the work he was instructed to do and was doing it in the usual manner. He was charged with no duty of inspection to ascertain dangers incident to the prosecution of the work. We think there was no evidence that deceased was negligent in working where he did, or in the manner he did, or in failing to anticipate or look for danger, and that there was no error in refusing to submit the question of contributory negligence to the jury.

We have not overlooked the claim made by the defendant on this appeal that deceased should have been working in the room on the opposite side of the wall from where this beam was. It was in the opposite room that deceased and White started to work. During the progress of the work deceased crossed over, leaving White in the room where they started. Defendant's contention that this was

negligence is disposed of by his testimony on the stand. He testified that in cutting through a two foot wall such as this it was customary and proper to work as these men did, one on one side and the other on the other.

The damages awarded are not excessive.

Order affirmed.